J137-1157

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

E. Mishan & Sons, Inc.,

                Plaintiff,

     -against-

PMC Sales LLC and Does 1-2,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



Civ. Action No.

COMPLAINT

Plaintiff E. Mishan & Sons, Inc., by its attorneys, for its Complaint against Defendants PMC Sales LLC and Does 1-2 allege upon knowledge as to Plaintiff, and otherwise upon information and belief, as follows.

### The Parties

1.      Plaintiff, E. Mishan & Sons, Inc., is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 230 Fifth Avenue, New York, New York 10001.

2.      Defendant PMC Sales LLC is a limited liability company organized and existing under the laws of the State of Tennessee with a place of business at 3313 Chestnut Circle, Cleveland, TN 37312.

3.      Defendants Doe 1 and Doe 2 are principal owners and managers of PMC Sales LLC and reside in Tennessee.

4.      At all times relevant to this matter, Defendants Doe 1 and Doe 2 have been responsible for the transactions, actions, and/or omissions at issue in this case and have had sufficient authority over and knowledge of the acts and practices described in this Complaint to render him legally liable for the conduct of Defendant PMC Sales LLC.

5.      For the purpose of this Complaint, Defendants PMC Sales LLC, Doe 1 and Doe 2 will be referred to collectively as "Defendants."

## Jurisdiction and Venue

6.      This is an action for, *inter alia*, trademark infringement, trademark counterfeiting, unfair competition, false designation of origin and false advertising arising under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.,* as amended by the Trademark Counterfeit Act of 1984, Public Law 98.473 (the "Lanham Act"), for patent infringement arising under the laws of the United States, 35 U.S.C. § 1 et. seq., and for false advertising and deceptive acts and practices under the laws of the State of New York, specifically the New York General Business Law §§ 349, 350, and for common trademark infringement and unfair competition.

7.     This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and § 1338 because this action arises under the patent and trademark laws of the United States.

8.     This Court has jurisdiction under the provisions of 28 U.S.C. § 1338(b) because this action asserts claims of unfair competition under the laws of the State of New York and is joined with a substantial and related claim under the trademark laws of the United States.

9.     This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.     This Court has supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11.     This Court has personal jurisdiction over Defendants because the claims asserted herein arose in this judicial district and/or because Defendants transact business within this district and have committed tortuous acts of trademark infringement, trademark counterfeiting, false advertising and deceptive acts and practices complained of hereinafter

3

within this district, because Defendants derive substantial revenue from intrastate and interstate commerce and has committed tortuous acts of trademark infringement trademark counterfeiting, false advertising and deceptive acts and practices complained of herein within this district and without this district having injurious consequences within this district, and Defendants are otherwise within the jurisdiction of this Court.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), and/or (c), because a substantial part of the events giving rise to the claims occurred in this judicial district and/or Defendants are subject to personal jurisdiction in this District.

### Facts Common To All Claims

13.     E. Mishan & Sons, Inc. markets and sells consumer products throughout the United States through print media, the Internet, and direct response television advertising, including, but not limited to, the use of television infomercials.

14.     In 2006, E. Mishan & Sons, Inc. coined AB ROCKET as a name for an exercise product and, in January 2007, it began to use the AB ROCKET as a trademark to promote and market a manually-operated exerciser for home use.

15.     E. Mishan & Sons, Inc. has registered the AB ROCKET trademark in the United States Patent and Trademark Office on the Principal Register and is the owner of

4

U.S. Trademark Registration No. 3,395,378 for the AB ROCKET trademark for "manually-operated exercise equipment."

16.    A true and correct copy of U.S. Trademark Registration No. 3,395,378 is attached hereto as Exhibit A and is incorporated by reference.

17.    The AB ROCKET trademark registration is in full force and effect.

18.    The AB ROCKET exerciser of E. Mishan & Sons, Inc. is a manually-operated abdominal exerciser for consumer home use and comprises a blue seat, a back rest composed of multiple parallel rollers also blue, and two blue support arms; the blue seat, blue rollers and blue support arms comprise an arbitrary, non-functional and distinctive trade dress adopted by E. Mishan & Sons, Inc. to distinguish the AB ROCKET exerciser from other products in the marketplace.  Exhibit B illustrates the AB ROCKET exerciser.

19.    E. Mishan & Sons, Inc. provides an instructional DVD and printed meal plan with each AB ROCKET exerciser.

20.    E. Mishan & Sons, Inc. advertises and sells the AB ROCKET product throughout the United States through television infomercials, via Internet websites, including its websites www.abrocket.com and www.tryabrocket.com.

21.    As a result of extensive advertising and use of the AB ROCKET trademark by E. Mishan & Sons, Inc., the AB ROCKET trademark has become widely and favorably known to the public and has become recognized as identifying a particular source of the product.

22.    E. Mishan & Sons, Inc. has had a box specially designed for the AB ROCKET exerciser. True and accurate photographs of AB ROCKET box are attached hereto as Exhibit C.

23.    The AB ROCKET trademark is prominently displayed on the AB ROCKET exerciser, its box and in advertising for the exerciser.

24.    The AB ROCKET box includes photographs, text and artwork created for or by E. Mishan & Sons, Inc.

25.    E. Mishan & Sons, Inc. owns the copyright (for which copyright registration is pending) to the photographs, text and artwork on the AB ROCKET box.

26.    On June 3, 2008, U.S. Patent No. 7,381,171 ("the '171 patent", Exhibit D) entitled "Back and Abdomen Exercising Apparatus" was duly and legally issued.

27.    E. Mishan & Sons, Inc. is the owner, by assignment, of the entire right, title and interest in and to the '171 patent.

6

28.     Defendants are engaged in the business of advertising for sale and selling products on the Internet auction website, eBay (www.ebay.com), in which they are doing business as 1jamespaula, and are using counterfeits of the AB ROCKET trademark in that advertising.

29.     eBay is one of the Internet's leading auction websites, and its advertisements reach a vast number of people throughout the United States and around the world.

30.     Defendants' point of sale advertisements and counterfeit specimens of the AB ROCKET trademark f alsely alleged that Defendants' products are genuine AB ROCKET products.

31.     Defendants' advertisement states:

"WE SHOW THE ORIGINAL AB ROCKET, WE SEND YOU THE ORIGINAL AB ROCKET"

32.     Defendants do not sell genuine AB ROCKET branded products of E. Mishan & Sons, Inc.

33.     Defendants distribute, ship and deliver goods, purchased by purchasers located in this district and elsewhere in New York into New York State and into this judicial district, in response to orders placed for Defendants' spurious AB ROCKET product advertised by Defendants on the eBay auction site.

7

34.     Defendants do not deliver genuine AB ROCKET product as advertised and offered for sale and sold by Defendants to purchasers in New York but, instead, distribute and deliver counterfeit products that are not genuine AB ROCKET exercisers of E. Mishan & Sons, Inc.

35.     Defendants deliver the spurious AB ROCKET counterfeit product with collateral materials including assembly instructions, a meal plan, booklet and instructional DVD ("Defendants' packaging materials") which are virtual identical copies of the assembly instructions, a meal plan and instructional DVD enclosed with the genuine AB ROCKET product of E. Mishan & Sons, Inc.  Defendants' packaging materials bear the trade name and trademark EMSON of E. Mishan & Sons, Inc. and falsely represents that the Defendants' counterfeit AB ROCKET product is: "Distributed by EMSON® NY, NY, 10001".

36.     Defendants intentionally advertise, offer for sale, sell, distribute and pass off a substantially identical exercise product using the counterfeit trademark, AB ROCKET, in interstate commerce and to New York purchasers, including purchasers in this judicial district, through eBay.

37.     The Defendants' false advertising, including the use of images and artwork of E. Mishan & Sons, Inc., Defendants' advertising and delivery of the counterfeit AB ROCKET  product to customers with a so-called "Certificate of Authenticity" which falsely represents the product to be an authentic AB ROCKET exerciser and Defendants'

8

misrepresentations of the product as "THE ORIGINAL AB ROCKET" and in combination with the other acts complained of herein, are false statements of fact in commercial advertising that actually deceive or have a tendency to deceive a substantial segment of customers. The deception is material and is likely to influence the purchasing decisions of purchasers. Defendants have caused such false statements to enter interstate commerce and purchasers have purchased Defendants' spurious product which Defendants pass off as a genuine AB ROCKET exerciser and E. Mishan & Sons, Inc. has been or is likely to be injured as a result of such false statements by a direct diversion of sales from E. Mishan & Sons, Inc. to Defendants, and/or by a lessening of the goodwill associated with its products, among other injuries.

38.    Defendants intentionally direct their sales and offers for sale to potential purchasers located in this judicial district and elsewhere in New York.

39.    Defendants knowingly and intentionally use the trademark AB ROCKET and pictures of E. Mishan & Sons, Inc.'s AB ROCKET product and dress to misrepresent their product as a genuine E. Mishan & Sons, Inc. AB ROCKET exerciser.

40.    Defendants' use of the AB ROCKET trademark and trade dress is a deliberate and intentional attempt to profit from the advertising expenditures and goodwill established by E. Mishan & Sons, Inc. for the AB ROCKET trademark and exerciser and is likely to cause confusion among consumers of such products and/or likely to deceive or

9

mislead prospective purchasers by causing the mistaken belief that the products that Defendants market are produced, sponsored, or approved by E. Mishan & Sons, Inc.

41.     Defendants' use of the AB ROCKET trademark on and in connection with product substantially identical to the AB ROCKET product of E. Mishan & Sons, Inc. is likely to cause confusion or mistake or deceive prospective purchasers.

42.     The Defendants' product is being sold in the same geographic areas where the AB ROCKET exerciser of E. Mishan & Sons, Inc. is sold.

43.     Defendants' sales and marketing of Defendants' product under the AB ROCKET counterfeit trademark competes with sales and marketing of the AB ROCKET product of E. Mishan & Sons, Inc. in interstate commerce.

44.     Defendants' acts are willful, intentional and malicious.

## COUNT I

**Federal Trademark Infringement and Trademark Counterfeiting**

**(15 U.S.C. § 1114)**

45.     E. Mishan & Sons, Inc. repeats and realleges the allegations in paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     Count I is a cause o f action for Federal trademark infringement and trademark counterfeiting.

47.     Defendants' activities constitute infringement of the federally registered AB ROCKET trademark of E. Mishan & Sons, Inc. in violation of the Lanham Act, including but not limited to, 15 U.S.C. § 1114(1).

48.     Because E. Mishan & Sons, Inc. advertises, markets, distributes, and sells its exerciser under the AB ROCKET trademark as described in this Complaint, the trademark is the means by which the AB ROCKET exerciser is distinguished from products of others.

49.     Because of the continuous and extensive use of the AB ROCKET trademark, it has come to mean, and is understood by customers, end users, and the public to signify an exercise product of E. Mishan & Sons, Inc.

50.     Defendants' wrongful conduct includes using a counterfeit mark in connection with the sale, offering for sale and distribution of exercisers.

51.     The infringing and counterfeit material that Defendants have and are continuing to use, offer, advertise, market and sell are likely to cause confusion, mistake or deception as to their source, origin or authenticity.

52.    Defendants' activities are likely to lead the public to conclude, incorrectly, that the products that Defendants are using, advertising, marketing, offering or selling originate with or are authorized by E. Mishan & Sons, Inc., to the damage and harm of E. Mishan & Sons, Inc., its licensees, and the public.

53.    Defendants used, offered, advertised, marketed, or distributed infringing material and counterfeit marks with the willful and calculated purpose of (a) misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the products and (b) trading upon the business reputation and goodwill of E. Mishan & Sons, Inc. and, at minimum, Defendants acted with willful blindness to and in reckless disregard of the trademark rights and the registered mark of E. Mishan & Sons, Inc.

54.    As a result of their wrongful conduct, Defendants are liable to E. Mishan & Sons, Inc. for trademark infringement and trademark counterfeiting.

55.    E. Mishan & Sons, Inc. has suffered, and will continue to suffer, substantial losses, including but not limited to, damage to its business reputation and goodwill.

56.    E. Mishan & Sons, Inc. is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 15 U.S.C. § 1117(a), together with the costs of this action and prejudgment interest.

57.    Because the Defendants' infringement of E. Mishan & Sons, Inc.'s trademark is willful, within the meaning of the Lanham Trademark Act, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

58.    Alternatively, E. Mishan & Sons, Inc. is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) in an amount not less than $500 or more than $100,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as the courts consider just; or if the Court finds the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just.

59.    E. Mishan & Sons, Inc. is also entitled to injunctive relief enjoining Defendants' wrongful conduct pursuant to 15 U.S.C. § 1116(a), and to an order impounding all infringing materials pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).

60.    E. Mishan & Sons, Inc. has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the AB ROCKET trademark is unique and valuable property which has no readily determinable market value; (b) Defendants' infringement constitutes harm to E. Mishan & Sons, Inc.'s business reputation and goodwill such that E. Mishan & Sons, Inc. could not have been made whole by any other monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken or deceive as to the source, origin or authenticity of the

infringing materials; and (d) Defendants' wrongful conduct, and the resulting damages to E. Mishan & Sons, Inc., is continuing.

61.    E. Mishan & Sons, Inc. is also entitled to recover its attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT II

**Unfair Competition, False Representations, False Designation of Origin**

**(15 U.S.C. § 1125 *et seq.*)**

62.    E. Mishan & Sons, Inc. repeats and realleges the allegations in paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.    Count II is a cause of action for unfair competition, false representations, false designation of origin.

64.    Defendants' advertising constitutes unfair competition, false representation and false designation of origin in violation of the Lanham Act, including but not limited to, 15 U.S.C. § 1125(a)(1).

65.    E. Mishan & Sons, Inc. advertises, markets, distributes and sells its AB ROCKET exerciser in a distinctive trade dress by which the exerciser of E. Mishan & Sons, Inc. is distinguished from the products of others.

14

66.    E. Mishan & Sons, Inc. advertises, markets, distributed and sells the AB ROCKET exerciser in a distinctive box with a trade dress comprising logos, photos and graphic images (collectively, "Mishan visual designs").

67.    Because of continuous and extensive use of the trade dresses of the AB ROCKET exerciser and box, such have come to mean, and are understood by customers, end users, and the public to signify the product of E. Mishan & Sons, Inc.

68.    Defendants' wrongful conduct includes advertising, selling and distributing a competing product in interstate commerce dressed substantially identical to the AB ROCKET exerciser trade dress.

69.    Defendants' wrongful conduct also includes the use, advertising and marketing of marks and/or visual designs (specifically displays, photos and/or graphic images in connection with their goods) that are virtually indistinguishable from Mishan visual designs.

70.    Defendants engaged in such wrongful conduct with the willful purpose of (a) misleading, deceiving or confusing customers and the public as to the origin and authenticity of the goods offered, marketed or distributed in connection with E. Mishan & Sons, Inc.'s marks and imitation of the AB ROCKET exerciser trade dress and Mishan visual designs; (b) trading upon business reputation and goodwill of the AB ROCKET

exerciser and of E. Mishan & Sons, Inc. and (c) passing off spurious product as genuine AB ROCKET exercisers.

71. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading representation that the imitation visual design originate from or are authorized by E. Mishan & Sons, Inc., and (c) unfair competition, all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

72. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

73. As a result of Defendants' wrongful conduct, E. Mishan & Sons, Inc. has suffered and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

74. E. Mishan & Sons, Inc. is entitled to injunctive relief enjoining Defendants' wrongful pursuant to 15 U.S.C. § 1125(a), and to an order impounding all imitation visual designs being used, offered, advertised, marketed, installed or distributed by Defendants. E. Mishan & Sons, Inc. has no adequate remedy at law for Defendants' wrongful conduct because, among other things; (a) the AB ROCKET trademark and Mishan visual designs are unique and valuable property, which have no readily determinable market value; (b) Defendants' advertising, marketing, installation or distribution of imitation Mishan visual designs constitutes harm to E. Mishan & Sons, Inc.'s business reputation and goodwill

16

such that E. Mishan & Sons, Inc. could not be made whole by any monetary award; and

(c) Defendants' wrongful conduct, and the resulting damage to E. Mishan & Sons, Inc., is

continuing.

75.     E. Mishan & Sons, Inc. is also entitled to recover its attorney's fees and costs

of suit pursuant to 15 U.S.C. § 1117.

## COUNT III

### False Advertising Under The Federal Law

### (15 U.S.C. § 1125 *et seq.*)

76.     E. Mishan & Sons, Inc. repeats and realleges the allegations in paragraphs

1 through 75 of the Complaint as if fully set forth herein.

77.     Count III is an action for false advertising arising under Section 43(a)(1)(B)

of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

78.     The advertising and sale of Defendants' product in interstate commerce as

an authentic product and the advertising and delivery of the "Certificate of Authenticity"

among other acts of Defendants, constitutes false and misleading material misrepresenta-

tions in commercial advertising or promotion, and  misrepresents the nature, characteris-

tics, qualities of Defendants' goods and/or commercial activity.

79.     As a result of Defendants' false and misleading advertising, E. Mishan & Sons, Inc. is and has been and is likely to continue to be injured by the diversion of sales from E. Mishan & Sons, Inc. to Defendants, and by the lessening of the goodwill that AB ROCKET exerciser of E. Mishan & Sons, Inc. enjoy with the purchasing public.

80.     E. Mishan & Sons, Inc. has no adequate remedy at law. The conduct of Defendants described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff and the business, reputation and goodwill of plaintiff.  Plaintiff's damages are not yet determined.

## COUNT IV

## Patent Infringement

81.     E. Mishan & Sons, Inc. repeats and realleges the allegations in paragraphs 1 through 80 of the Complaint as if fully set forth herein.

82.     Count IV is a cause of action for patent infringement.

83.     Defendants committed acts of infringement of the '171 patent, in violation of 35 U.S.C. § 271, within this district.  The acts of defendants include importing, offering for sale and selling products that are made in accordance with the claims of '171 patent and actively inducing others to sell those products.

84.     The infringing acts of defendants have been without express or implied license by E. Mishan & Sons, Inc., are in violation of the rights of E. Mishan & Sons, Inc., and defendants will continue to infringe the '171 patent unless enjoined by this Court.

85.     The infringement of defendants of the '171 patent has been willful.

## COUNT V

**Deceptive Acts And Practices Under New York Statutory Law**

**(New York General Business Law § 349)**

86.     E. Mishan & Sons, Inc. repeats and realleges the allegations in paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87.     Count V is a cause of action for deceptive acts and practices in violation of the New York General Business Law § 349 and is joined with a substantial and related claim under the trademark laws of the United States.

88.     The acts of Defendants subject the public at large to recurring deception and causes harm to the public interest by fostering deceptive acts.

89.     Defendants engaged in deceptive acts and practices in the conduct of business which acts and practices has injured E. Mishan & Sons, Inc. within the meaning and in violation of the New York General Business Law § 349.

90.    E. Mishan & Sons, Inc. has no adequate remedy at law. The conduct of Defendants described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of E. Mishan & Sons, Inc. and the business, reputation and goodwill of E. Mishan & Sons, Inc.  E. Mishan & Sons, Inc.'s damages are not yet determined.

## COUNT VI

### False Advertising Under New York Statutory Law

### (New York General Business Law § 350)

91.    E. Mishan & Sons, Inc. repeats and realleges the allegations set forth in Paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92.    Count VI is a cause of action for false advertising in violation of the New York General Business Law § 350 and is joined with a substantial and related claim under the trademark laws of the United States.

93.    The representations made by Defendants on its website in the State of New York, as set forth above, delivery of product passed off as the AB ROCKET to purchasers in this Judicial District are false and misleading in a material respects, and will deceive and induce purchasers to purchase the Defendants' product.

20

94.     E. Mishan & Sons, Inc. has no adequate remedy at law. The conduct of Defendants described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of E. Mishan & Sons, Inc. and the business, reputation and goodwill of E. Mishan & Sons, Inc.  E. Mishan & Sons, Inc. damages are not yet determined.

## COUNT VII

### Unfair Competition under New York Common Law

95.     E. Mishan & Sons, Inc. repeats and realleges the allegations in paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96.     Count VII is an action for unfair competition under the common law of the State of New York and is joined with a substantial and related claim under the trademark laws of the United States.

97.     The acts of Defendants alleged herein have been intentionally wanton, reckless and malicious.

98.     Defendants knew or should have known of the rights of E. Mishan & Sons, Inc. in the trademark AB ROCKET, the trade name and trademark EMSON and in the Mishan visual designs and product trade dress of the AB ROCKET exerciser and have

acted with conscious indifference and utter disregard of, and with the intent to interfere with, such rights and to deceive and defraud the purchasing public.

99.    The Defendants have unfairly competed with E. Mishan & Sons, Inc. in violation of the common law of unfair competition in New York by using the AB ROCKET trademark and associated materials of E. Mishan & Sons, Inc. to pass off product to purchasers in New York as genuine AB ROCKET exercisers.

100.    By reason of the acts of Defendants alleged herein, Defendants have engaged in unfair competition under the common law of the State of New York.

101.    E. Mishan & Sons, Inc. has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of E. Mishan & Sons, Inc. and to the business, reputation, and goodwill of E. Mishan & Sons, Inc.  E. Mishan & Sons, Inc.'s damages are not yet determined.

## COUNT VIII

### Trademark Infringement under New York Common Law

102.    E. Mishan & Sons, Inc. repeats and realleges the allegations in paragraphs 1 through 101 of the Complaint as if fully set forth herein.

103.    Count VIII is an action for trademark infringement under the common law of the State of New York and is joined with a substantial and related claim under the trademark laws of the United States.

104.    The acts of Defendants alleged herein have been intentionally wanton, reckless and malicious.

105.    Defendants knew or should have known of the rights of E. Mishan & Sons, Inc. in the AB ROCKET trademark, the trade dress of the AB ROCKET exerciser and trade dress of the AB ROCKET box and Defendants have acted with conscious indifference and utter disregard of, and with the intent to interfere with, such rights and to confuse, deceive and defraud the purchasing public.

106.    By reason of the acts of Defendants alleged herein, Defendants have engaged in trademark infringement under the common law of the State of New York.

107.    E. Mishan & Sons, Inc. has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of E. Mishan & Sons, Inc. and to the business, reputation, and goodwill of E. Mishan & Sons, Inc.  E. Mishan & Sons, Inc.'s damages are not yet determined.

**WHEREFORE**, E. Mishan & Sons, Inc. prays for an order comprising:

1.       Judgment against Defendants for temporary, preliminary and permanent injunctions, enjoining Defendants and their affiliates, members, managers, partners, representatives, servants, employees, attorneys and all persons in active concert privity or participation with Defendants from using the AB ROCKET trademark, the trade dress of the AB ROCKET exerciser and box and from otherwise infringing and/or using counterfeits of trademarks of E. Mishan & Sons, Inc.; from competing unfairly with E. Mishan & Sons, Inc.; from falsely designating the origin of the Defendants' goods and services; from falsely advertising their exercise product; from infringing U.S. Patent 7,381,171; from engaging in deceptive trade practices in violation of 15 U.S.C. § 1051 *et seq.* and the New York General Business Law §§ 349, 350; and from further engaging in unfair competition and trademark infringement and including:

(a) using in any manner the AB ROCKET trademark, any mark or name confusingly similar to AB ROCKET, or any other mark which is so resembles trademarks of E. Mishan & Sons, Inc. as to be likely to cause confusion, deception or mistake, on or in connection with the sale, offering for sale, distribution, or advertising of any exercise equipment;

(b) using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed, or authorized by or affiliated or in connected with Plaintiff;

(c) passing off, inducing or enabling others to sell or pass off any products as products of E. Mishan & Sons, Inc. which products are not made or sold by E. Mishan &

24

Sons, Inc. or belonging to E. Mishan & Sons, Inc., under the control, supervision and approval of E. Mishan & Sons, Inc., or for sale under the marks owned by E. Mishan & Sons, Inc., or any other mark which so resembles E. Mishan & Sons, Inc.'s marks so as to be likely to cause confusion, deception or mistake;

(d) using AB ROCKET or any confusingly similar marks in any position in connection with Internet web sites or hyperlinks that would be read by an Internet search engine or in any navigation aid, display to users of search engines or aid, or as a keyword, domain name, title or source identifier, including the metatags, or submitting a listing containing such marks to a search engine or navigation aid;

(e) from using any artwork, photographs or other materials of E. Mishan & Sons, Inc.; and

(f) moving, returning or otherwise disposing of, in any manner, any counterfeit products or any other products confusingly similar to AB ROCKET products, or that otherwise bear, contain, display or utilize any of AB ROCKET marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the AB ROCKET mark.

2.    A preliminary and permanent injunction issued enjoining Defendants from making, using, selling or offering for sale counterfeit products that infringe upon the trademark, patent and other intellectual property of E. Mishan & Sons, Inc.

3.    An accounting for Defendants' profits resulting from Defendants' infringement, contributory infringement, false advertising and unfair competition and the trebling of such damages because of the knowing, intentional, willful, and wanton nature of Defendants' conduct.

25

4.    Judgment against Defendants for the greater of triple the amount of actual damages suffered by E. Mishan & Sons, Inc. pursuant to 15 U.S.C. § 1117(b) or statutory damages under 15 U.S.C. § 1117(c) in an amount of one million ($1,000,000.00) dollars.

5.    Judgment for an award of damages, in the amount to be determined, for the loss suffered by E. Mishan & Sons, Inc. as a result of Defendants' infringement of U.S. Patent 7,381,171.

6.    An award trebling damages of E. Mishan & Sons, Inc. due to Defendants' willful infringements of U.S. Patent 7,381,171.

7.    Judgment for an award of punitive damages against Defendants and in favor of E. Mishan & Sons, Inc. by reason of Defendants' unfair competition and passing off.

8.    Judgment that costs of this action be awarded E. Mishan & Sons, Inc.

9.    Judgment that E. Mishan & Sons, Inc. be awarded its reasonable attorney's fees along with an assessment of interest on all the damages so computed.

10.    Judgment against Defendants indemnifying E. Mishan & Sons, Inc. from any claims brought against E. Mishan & Sons, Inc. for negligence, debts, product liability, governmental inquiries and/or investigations, including but not limited to matters involving the Federal Trade Commission of the Consumer Product Safety Commission, or other breaches of any duty owed by Defendants to any person who was confused as to some association between E. Mishan & Sons, Inc. and Defendants as alleged in this Complaint.

11.    Ordering the destruction of any and all materials in Defendants' possession, custody or control bearing a colorable imitation of the AB ROCKET trademark and trade dress, including but not limited to, the counterfeit AB ROCKET exerciser, seat pads, rollers

26

and other product components, packages, labels, and other printed material, along with the means of making same.

12.     Ordering the destruction of any and all materials in Defendants' possession, custody or control bearing a colorable imitation of the AB ROCKET trademark, including but not limited to, the counterfeit AB ROCKET Products, seat pads, packages, labels, and other printed material, along with the means of making same.

13.     Requiring Defendants to account to E. Mishan & Sons, Inc. for all sales and purchases that have occurred to date, and requiring Defendants to disgorge any and all profits derived by Defendants from selling the counterfeit AB ROCKET products.

14.     Requiring Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of the counterfeit AB ROCKET products.

15.     Ordering a product recall of all counterfeit AB ROCKET Products for destruction.

16.     Requiring Defendants to provide its customer lists for the counterfeit AB ROCKET products.

17.     Requiring Defendants to file with this Court and serve on E. Mishan & Sons, Inc. within thirty (30) days of this Court's order a report setting forth the manner and form in which Defendants have complied with this injunction.

18.     Damages according to each and every cause of action alleged herein.

19.     Prejudgment interest.

20.     Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      June 11, 2008

NOTARO & MICHALOS P.C.

_Angelo Notaro_

Angelo Notaro (AN-1306)
John Zaccaria (JZ-3157)
1270 Broadway, Suite 807
New York, NY 10001-3224
(212) 278-8600
Attorneys for Plaintiff

# EXHIBIT A

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38, and 50

**United States Patent and Trademark Office**

Reg. No. 3,395,378

Registered Mar. 11, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# AB ROCKET

E. MISHAN & SONS, INC. (NEW YORK COR-
PORATION)

230 FIFTH AVENUE

NEW YORK, NY 10001

FOR: MANUALLY-OPERATED EXERCISE
EQUIPMENT, IN CLASS 28 (U.S. CLS. 22, 23, 38
AND 50).

FIRST USE 1-27-2007; IN COMMERCE 1-27-2007.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "AB", APART FROM THE MARK
AS SHOWN.

SN 77-010,554, FILED 9-29-2006.

JILL C. ALT, EXAMINING ATTORNEY

# EXHIBIT B





**EXHIBIT C**









# EXHIBIT C

# Credit Suisse Securities (USA) LLC

DLJ Mortgage Capital, Inc. •Eleven Madison Avenue, 4th Floor, New York, New York 10010-3629 •(212) 325-2000

**By Overnight Courier**

April 16, 2007

Ms. Patricia Hayhurst
Hayhurst Mortgage Inc.
2601 S. Bayshore Dr
Coconut Grove, FL, 33133

RE: **Repurchase of Mortgage Loans With Early Payment Defaults**

Dear Ms. Hayhurst:

Pursuant to Section 3.05 of the Sellers Purchase, Warranties and Interim Servicing Agreement, dated as of October 01, 2002 (the "Agreement"), by and between DLJ Mortgage Capital, Inc. ("DLJMC") and Hayhurst Mortgage Inc. (the "Seller"),   please accept this letter as DLJMC's request for repurchase of the Loans (as defined herein) in the amount of $98,101.93. All terms used herein and not otherwise defined shall have the meanings ascribed to them in the agreement.

Section 3.05 of the Agreement requires the Seller to repurchase at the repurchase price, each loan with an early payment default (as described in such Section). The borrower's failure to pay certain monthly payments due under the Agreement for each of the loans listed on the attached Schedule A (the "Loans") violates the terms of Section 3.05 of the Agreement. The attached schedule B details the computation of the amount due. Borrower pay history and collector comments have also been enclosed to assist you in the review.

Accordingly, please wire the above funds on April 23, 2007 to DLJMC as follows:

> Citibank
> New York, NY
> ABA #:021-000-089
> Account:DLJ Mortgage Capital, Inc.
> Account #:30489038
> Attn:Frederick Hahn
> Ref: Hayhurst Mortgage Inc.

For a repurchase date after the above date, please increase the amount due DLJMC by $24.51 per diem interest. In addition to the foregoing, the Seller shall reimburse the loan servicer for outstanding corporate and escrow advances related to the Loans at the time of the servicing transfer.

If have any questions or if you should require any additional information, please contact Ms. Olivia Hafner of our Client Management Group at 212-325-7624 or e-mail her at olivia.hafner@credit-suisse.com.

Please call Rick Hahn at (212) 538-1426 when the funds are wired to DLJMC and to discuss the return of the collateral files.

Sincerely,
DLJ Mortgage Capital, Inc.

By: Demetri.E Catis

cc: – Olivia Hafner
cc: – Michael Bailey

DLJ Mortgage Capital, INC.
C/O Credit Suisse Securities (USA) LLC
Eleven Madison Avenue - 4th Floor
New York, NY 10010-3629

Purchaser: Hayhurst Mortgage Inc.

Issue Date: N/A - Actual
Settlement Date: April 23, 2007

| DLJ MC Loan # | Servicer Loan # | Prior Servicer Loan # | Seller Loan # | Name | Settlement Date | Lien Position | Servicer | As of Date | Balance | Next Due Date | Note Rate | Only Interest | Days Interest To Repurchase | Total Interest | Repurchase Price Premium | Repurchase of Prin/ Premium | Total Due DLJ MC | Loan Status | Reason For Repurchase |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8965 | 4818 | | 1266 | | 06/21/06 | 2 | FAIRBK | 03/01/07 | $82,881.99 | 02/01/07 | 9.5000 | $24.51 | 112 | $2,744.59 | 102.6875 | $2,469.66 | $88,101.83 | | 50 Days Late for Jan NSF Check |
| | | | | | | | | | $82,881.99 | | | $24.51 | | $2,744.59 | | $2,469.66 | | | |

TOTAL DUE DLJ MORTGAGE CAPITAL, INC.: $88,101.83

Per Diem (for repurchase after settlement date): $34.51
In addition to the foregoing, please note that you (The Purchaser) shall be responsible to reimburse the Note Holder for outstanding servicing, corporate and escrow advances related to the loan(s) at the time of the purchase transfer.

The Following are DLJ Mortgage Capital, Inc. wiring instructions:
Citibank NYC
ABA #: 021-000089
A/C #: 30489028
A/C: DLJ Mortgage Capital, Inc.
Reference: Hayhurst Mortgage Inc.
Attn: Rick Huhn